## WHITE v. O'BRIEN et al.

(Supreme Court, Appellate Term. May 1, 1900.)

1. ESTOPPEL—REPRESENTATIONS.
　　　Where plaintiff, in an action on a note, represented to defendant, at the time he took the note, that he had authority to represent the payee, he is estopped, as between him and defendant, to deny such representation.

2. BANKRUPTCY—ACTION BY TRUSTEE.
　　　A trustee in bankruptcy has no rights in an action on a note held by the bankrupt beyond those of the bankrupt.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Howard E. White, as trustee of the estate of Rupert Whitehead, bankrupt, against Edward O'Brien and Elizabeth O'Brien. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Ritch, Woodford, Bovee & Wallace, for appellant.

M. D. Steuer, for respondents.

PER CURIAM. As between Whitehead and the defendants, the note in question had its inception at the time of its delivery to Whitehead; for then the consideration was paid and the note delivered. If there was any usury, it must have been at this time. Whitehead cannot be heard to say that he did not at this time have authority to represent the payee; for he represented himself to the defendants as having this authority, and, as between him and the defendants, is bound by his representation. The plaintiff, as representative of Whitehead, has no right beyond such as his principal has. It seems, further, that the $200 were advanced by Mr. Weil to Whitehead upon the security of the note. If this is so, Whitehead was the owner of the note at all times, subject to Mr. Weil's rights upon the security.

The judgment is affirmed.